# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN HENDERSON, | ) |
| Movant, | ) |
| v. | ) No. 4:19-CV-1788 CAS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se movant Stephen Henderson's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be denied.

On July 2, 2009, movant was convicted by a jury of one count of conspiracy to distribute and possess with the intent to distribute in excess of five kilograms of cocaine and one count of distribution of in excess of five kilograms of cocaine. See United States v. Henderson, No. 4:08-CV-187-CAS (E.D. Mo. Jul. 2, 2009) (Doc. 207). As a result of the conviction, the Court sentenced movant to life imprisonment. (Doc. 228). Movant appealed his conviction and sentence, and the United States Court of Appeals for the Eighth Circuit affirmed.

Movant filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on April 24, 2012. This Court held an evidentiary hearing on the motion, and subsequently denied the motion. On November 2, 2016, the Eighth Circuit denied movant's application for a certificate of appealability.

In the instant motion, movant claims that the United States Supreme Court's decision in Carpenter v. United States, 138 S. Ct. 2206 (2018), invalidates his conviction. In Carpenter, the Supreme Court held that the government must obtain a search warrant supported by probable cause before acquiring a defendant's cell-site location records. Movant states that his cell-site location records were "critical for the government to be able to investigate and prosecute [him]," and because the government acquired these records without a search warrant, they were illegally obtained in light of the Carpenter decision. For this reason, movant asks to Court to grant his motion to vacate.

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

. . .

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DENIED and DISMISSED as SUCCESSIVE**. [Doc. 1]

An Order of Dismissal will accompany this Memorandum and Order.

                                                                             **CHARLES A. SHAW**
                                                                             **UNITED STATES DISTRICT JUDGE**

Dated this 28th day of June, 2019.